# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Luis S.I.,                                    Case No. 26-cv-533 (MJD/DTS)

      Petitioner,

v.                                            **REPORT AND RECOMMENDATION**

David Easterwood, et al.,

      Respondents.

---

Petitioner Luis S.I. is a 38-year-old Mexican citizen who has resided in the United States since 2021. Pet. ¶¶ 22, 45, Dkt. No. 1. Prior to his detention, Luis S.I. resided with his wife and two daughters in Saint Paul, Minnesota. *Id.* ¶ 46. After applying for a U-visa certification, on May 16, 2025, Luis S.I. received a bona fide determination by U.S. Citizenship and Immigration Services (USCIS), which gave him employment authorization and placed him in deferred action for four years. *Id.* ¶ 48.[1] Luis S.I. "has no criminal history subjecting him to mandatory detention or providing grounds for revocation of his deferred action." *Id.* ¶ 47. On January 2, 2026, Department of Homeland Security agents arrested Luis S.I. in the parking lot of his apartment building. *Id.* ¶ 2. Nothing in the record indicates that USCIS has revoked Luis S.I.'s grant of deferred action.

Luis S.I. challenges his detention under 28 U.S.C. § 2241. *Id.* ¶¶ 16-17. In Count I, Luis S.I. argues that guidance issued by Immigration and Customs Enforcement (ICE) in 2025—rescinding protections for noncitizens with pending U-visa petitions—should be

---

[1] A thorough summary of the U-visa legal framework can be found in *M.M. v. Shea*. Order Dismissing Habeas Petition, *M.M. v. Shea*, No. 25-cv-2830 (D. Minn. Aug. 1, 2025), Dkt. No. 24 at 2–5.

set aside as arbitrary and capricious pursuant to the Administrative Procedure Act (APA). *Id*. ¶¶ 54–66. In Count II, Luis S.I. contends the Government's practice of terminating deferred action by fiat is unlawful under the APA. *Id*. ¶¶ 67–76. In Count III, Luis S.I. claims that the Government's revocation of his deferred action was unlawful under the *Accardi* doctrine. *Id*. ¶¶ 77–81. In Count IV, Luis S.I. claims the Government's detention notwithstanding the prior grant of deferred action violates his Fifth Amendment due process rights. *Id*. ¶¶ 82–97.

The Government spends most of its response arguing that Luis S.I. is properly detained under 8 U.S.C. § 1225(b)(2)(A). Gov. Resp. 2–15, Dkt. No. 5. That is irrelevant.[2] As Luis S.I. points out, "[the Government] misunderstand[s] or mischaracterize[s] the Court's order as well as the Petitioner's petition. The central issues are whether and under what statutory authority the Petitioner can be detained while he has been validly granted deferred action." Pet'r's Reply 2, Dkt. No. 6. The Government briefly addresses Luis S.I.'s APA claims, arguing (without citation to authority) that "APA claims have no place in a habeas proceeding[.]" Gov. Resp. 13. The Government does not respond at all to Luis S.I.'s procedural-due-process claim. *See generally id.* And the Government does not otherwise address Luis S.I.'s deferred action arguments. *See generally id.*

The Government's failure to respond is a waiver. *Juan M. v. Bondi*, No. 26-cv-266, 2026 WL 129059, at *1–2 (D. Minn. Jan. 17, 2026) (concluding that when the Government failed to respond to a habeas petitioner's deferred action arguments, the Government

---

[2] Even if the Government's argument was relevant, the Court disagrees with its interpretation of §§ 1225 and 1226, as it previously explained in detail. *Francisco T. v. Bondi*, No. 25-cv-3219, 2025 WL 3490809, at *3–11 (D. Minn. Sept. 5, 2025) *R. & R. adopted by* 2025 WL 3236513 (D. Minn. Nov. 19, 2025).

waived any challenge to these arguments). Moreover, another court in this District granted a habeas petition based on an identical procedural-due-process claim. *Victor G. v. Lyons*, No. 26-cv-119, 2026 WL 127733, at *2–3 (D. Minn. Jan. 17, 2026) ("There are simply no factual allegations to support that [the Government] revoked [the petitioner's] deferred action, and as such, no basis for his detention."). The Court finds *Victor G.'s* analysis persuasive. Therefore, the Court recommends Luis S.I.'s habeas petition be granted.[3]

## RECOMMENDATION

For the reasons set forth above, the Court RECOMMENDS THAT:

1.    Luis S.I.'s Petition for Writ of Habeas Corpus (Dkt. No. 1) be GRANTED;

2.    The Government be ordered to release Luis S.I. from custody as soon as practicable, but no later than within 48 hours of an order granting the Petition;

3.    The Government be ordered to report to the Court whether Luis S.I. has been released within 48 hours of an order granting the Petition; and

4.    The Government be enjoined from revoking Luis S.I.'s deferred action status until a pre-deprivation hearing at which the Government must provide notice and an opportunity to be heard regarding the revocation of deferred action status.[4]

Dated: January 28, 2026

        s/ David T. Schultz
DAVID T. SCHULTZ
United States Magistrate Judge

---

[3] Resolving this question in Luis S.I.'s favor makes it unnecessary to address the Petition's APA claims.
[4] The Court recommends this relief because the Government has waived any objection by failing to respond.

**NOTICE**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court. It is not appealable directly to the Eighth Circuit Court of Appeals.

Under the circumstances of this case and Local Rule 72.2(b)(1), the parties may file and serve specific written objections to this magistrate judge's proposed findings and recommendations **within 2 days** of the filing of the Report and Recommendation. A party may respond to those objections **within 2 days** after being served a copy of the objections without regard to weekends or holidays. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).